UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Juan Gabriel Valdez and Cynthia Valdez |
| **Case Number:** | 04-10659 |

## Document Information

| | |
|---|---|
| **Description:** | Order Granting in Part, Denying in Part [39-1] Application For Compensation ( Fees: $ 3,484.77, Expenses: $ 253.70) by Glen L Houston payment to Glen L. Houston of $3093.54 in fees . |
| **Received on:** | 2005-05-25 15:00:41.000 |
| **Date Filed:** | 2005-05-25 00:00:00.000 |
| **Date Entered On Docket:** | 2005-05-31 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JUAN GABRIEL VALDEZ and
CYNTHIA VALDEZ,

No. 13-04-10659 MR

Debtors.

## ORDER GRANTING, IN PART, and DENYING, IN PART, FIRST SUPPLEMENTAL APPLICATION FOR ATTORNEY'S FEES

THIS MATTER is before the Court on the Application for Attorney's Fees and the First Supplemental Application for Attorney's Fees (together, "Fee Application") filed by Glen L. Houston, attorney for the Debtor. The Fee Application seeks approval of attorneys' fees in the total amount of $3,521.67[1] as an administrative expense of the estate for the period from November 23, 2003 through August 16, 2004. Counsel has received $600.00, from which $194.00 was used to pay the filing fee, and $406.00 was applied to attorney's fees, leaving an outstanding balance of attorney's fees in the amount of $3,115.67[2] plus applicable New Mexico gross receipts taxes. The Chapter 13 Trustee objected to the Fee Application, asserting, among other things, that some of the charges are for clerical work, and that some of the entries appear to be duplicative inasmuch as both the attorney and the paralegal appear to be billing for the same task, or because several entries appear for the same task. The Court held a final hearing on the Fee Application and took the matter under advisement. After considering the Fee Application, and being otherwise sufficiently informed, the Court finds that some of

---

[1] The total amount of the itemized fees and costs in Exhibit B to the First Supplemental Application for Attorney's Fees is $3,715.67, which includes the $194.00 used to pay the filing fee.

[2] The First Supplemental Application for Attorney's Fees lists a balance of $3,112.67, which appears to be a mathematical error.

the requested fees and costs must be disallowed.   In reaching this determination the Court FINDS:

    1.  Pursuant to 11 U.S.C. § 330(a)(4)(B),

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

    2.  Reasonableness is determined based upon such factors as the amount of time spent on the service, the rate charged, and whether the services were necessary to the administration of the bankruptcy estate.  11 U.S.C. § 330(a)(3).   Compensation will not be allowed for "unnecessary duplication of services", for services that "were not reasonably likely to benefit the estate" nor for services that are not "necessary to the administration of the case."  11 U.S.C. § 330(a)(4)(A).  Similarly, when excessive time is billed for uncomplicated matters, the attorney is not entitled to compensation for the total requested amount despite the fact that the work was actually done.  *See In re Colorado-Ute Elec. Ass'n, Inc.,* 132 B.R. 174, 177 (Bankr.D.Colo. 1991) ("In applying for fees, attorneys 'should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-1940, 76 L.Ed.2d 40 (1983)).  *In re Reconversion Technologies, Inc.,* 216 B.R. 46, 56 (Bankr.N.D.Okla. 1997) (In determining the amount of reasonable compensation, the court "should disallow hours that were 'duplicative, unproductive, excessive, or otherwise unnecessary.'" (quoting *In re Shades of Beauty, Inc*., 56 B.R. 946, 951 (Bankr.E.D.N.Y.1986) (citations omitted).

    3.  The fee applicant bears the burden of showing entitlement to the requested compensation.

2

*See In re Recycling Industries, Inc.,* 243 B.R. 396, 402 (Bankr.D.Colo. 2000) ("It is well settled that the burden of proof as to the reasonableness of compensation is on the fee applicant."); *In re Amdura Corp.,* 139 B.R. 963, 968 (Bankr.D.Colo. 1992).

4. Time keeping records submitted in support of a fee application must sufficiently describe the work performed to enable the Court to determine whether the fees requested are reasonable and necessary. *Amdura,* 139 B.R. at 972. Descriptions for completed tasks that are too vague prevents the Court from determining reasonableness, and may result in the denial of fees for those tasks. *Id.*

5. Time spent on matters that are clerical in nature is not compensable. *See In re Copeland,* 154 B.R. 693, 699 (Bankr.W.D.Mich. 1993) (examining fees requested by attorney for chapter 13 debtor, and noting that "The work for which lawyers receive compensation must be legal, not ministerial or clerical."). Rather, clerical work is part of office overhead. *See Amdura,* 139 B.R. at 985. For example, time spent leaving telephone messages is not compensable as legal work. *Copeland,* 154 B.R. at 702.

6. The Court finds that the hourly rates requested in the Fee Application of $175.00 for work performed by the attorney time and $75.00 for work performed by paralegals is reasonable.

7. After review of the itemized billing records attached to the Fee Application, the Court finds that some entries must be disallowed because they are not reasonable or necessary. Specifically, the following entries are disallowed for the reasons stated:

| Date | Entry | Time | Amount | Reason for Disallowance |
| --- | --- | --- | --- | --- |
| 11/23/03 | telephone call from client; Left message to call back | .01667 | $1.25 | Clerical |

3

| 11/24/03 | telephone call from client. checking in on converting case to chapter 13 | .1 | $7.50 | Excessive |
|---|---|---|---|---|
| 1/12/04 | telephone call from Virginia Teague with Estacado Credit Union wanting to speak w/ Dwayne regarding client's bankruptcy;. Lefter her phone number to call her at 396-7727 | .1 | $7.50 | Clerical |
| 02/02/04 | fax notice of bankruptcy to court and opposing counsel; mail notice of bankruptcy to clients | .2 | $15.00 | Clerical |
| 02/02/04 | telephone call from client; he wants to know if his case was filed because they are going to foreclose on his house; advised him case was filed on Friday 1/30/04; We did not know the case # | .3 | $22.50 | Excessive |
| 02/09/04 | Rec'd, rev'd & Post re: notice of 341hearing for 3/18/04 at 10am | .1 | $7.50 | Clerical |
| 02/12/04 | T>Returned Gabriel Valdez's cal. No answer. Left message on answering machine. | .2 | $7.50 | Clerical |
| 02/27/04 | make copies of chapter 13 plan; sort, collate, and mail to 59 creditors | 2.0 | $150.00 | Clerical |
| 03/09/04 | Cindy called to speak to RR - left msg that would call later | .1 | $7.50 | Clerical |
| 03/12/04 | telephone call from client for DB. Left message to call him | .1 | $7.50 | Clerical |

| | | | | |
|---|---|---|---|---|
| 03/16/04 | LDT.Sara with Chapter 13 trustee's office following upon the continuance of the § 341 hearing scheduled for Thursday. Left Message | .05 | $3.75 | Clerical |
| 03/18/04 | review and sign letter to client enclosing reminder from Kelley Skehen | .1 | $7.50 | Excessive |
| 03/19/04 | preparation and mailing of § 341 hearing notice for April 22, 2004 at 10 am to 42 creditors | 1.6667 | $204.17 | Excessive; clerical |
| 03/19/04 | Copying and mailing § 341 hearing notice to all creditors | 1.0 | $75.00 | Duplicative; clerical |
| 04/09/04 | LTD> Jim Askew's office and left a message for an extension on the Response to Motion to Lift Stay | .1 | $7.50 | Clerical |
| 04/26/04 | Receive, review and Post Notice of Hearing | .05 | $3.75 | Clerical |
| 04/29/04 | Nicole/WFS Financial called re: continue pmt on vehicle? Please call her @ 800 752-88533 ext 26144 | .05 | $3.75 | Clerical |
| 05/06/04 | Fax approved stipulated order denying motion to dismiss to Kelley Skehen | .1 | $7.50 | Clerical |
| 06/16/04 | Review and sign Notice of Final Hearing on Confirmation of Debtor's Chapter 13 Plan | .3 | $52.50 | Excessive |
| 08/03/04 | Copied letter from Taxation and Revenue Regarding Non-Filed tax returns and mailed to client | .1 | $7.50 | Clerical |

The total disallowed amount is $606.67.

WHEREFORE, IT IS HEREBY ORDERED, that the Fee Application is approved, in part, and denied, in part. Total fees in the amount of $2,915.00, plus applicable New Mexico gross receipts taxes in the amount of $178.54 (at the rate of .06125 as reported on the Fee Application) are allowed, less $406.00 which counsel has already received, leaving a balance of allowed fees in the amount of $2,687.54. The remainder of fees requested in the Fee Application are disallowed.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached
document verification, a true and correct copy of
the foregoing was either electronically transmitted,
faxed, delivered or mailed to the listed counsel
and/or parties.

Glen L. Houston
Attorney for Debtor
1304 W. Broadway Pl.
Hobbs, NM 88240

Kelley L. Skehen
Chapter 13 Truste
625 Silver SW, Suite 350
Albuquerque, NM 87102

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545